**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KATHELEEN M. DEGRASSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24 C 10688** |
| | ) | |
| **HYUNDAI MOTOR AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Kathleen deGrasse has sued Hyundai Motion America (Hyundai) on behalf of a putative class of customers who purchased or leased Hyundai vehicles equipped with a "Forward Attention Warning System" and either resided in Illinois, purchased or leased the vehicle from a Hyundai dealer in Illinois, or registered the vehicle in Illinois, on or after a date five years prior to the filing of this action. DeGrasse alleges that Hyundai collected, used, stored, and disclosed deGrasse's and other class members' biometric data without obtaining their consent, in violation of the Illinois Biometric Information Privacy Act. *See* 740 Ill. Comp. Stat. 15(b).

Hyundai has moved to dismiss deGrasse's amended complaint for failure to state a claim upon which relief may be granted. For the reasons below, the Court grants Hyundai's motion to dismiss.

## Background

DeGrasse is a resident of Lincolnshire, Illinois. In July 2024, she purchased a

new Hyundai Santa Fe from AutoNation Hyundai in Des Plaines, Illinois.

Hyundai's Santa Fe model is equipped with a "Forward Attention Warning System" (FAWS). FAWS operates to monitor a driver's eye position, and it warns the driver if the system detects lack of attention by displaying a visual warning on the car's center display screen. A warning is issued if, for example, the driver is not focused on the road for more than three seconds and is driving over twenty kilometers per hour, the driver is not focused for ten seconds or more in any thirty-second time span when the vehicle's speed exceeds twenty kilometers per hour, the driver's eyes are closed for over two seconds while the vehicle's speed exceeds ten kilometers per hour, or when the driver drives in a particular pattern or style. Am. Compl. ¶¶ 18, 20 & App'x B. DeGrasse alleges that a number of Hyundai vehicles include the FAWS system, including the Kona, Palisade, Elantra, Sonata, Venue, Tucson, IONIQ 5, IONIQ 6, Santa Cruz, and Santa Fe models.

DeGrasse says she discovered that her vehicle included an infrared camera, allegedly part of FAWS' functionality, after an incident when she blocked the camera's line of sight with her arm. In response, the car displayed a warning saying that FAWS was not operating because the camera was blocked. When deGrasse attempted to turn off the FAWS feature, the car also disabled the cruise control feature.

In her complaint, deGrasse points to a patent issued to Hyundai in 2001. She alleges that the patent indicates that Hyundai uses technology that receives signals from the car's various controls and binarizes a driver's face to calculate the vertical width between the driver's eyes. *Id*. ¶¶ 15, 21. Hyundai disputes that the FAWS system is modeled after this patent and points out that the patent was filed over 25

years ago.  *Id*., App'x C.

DeGrasse alleges that FAWS information stored on her onboard computer can be retrieved by a Hyundai dealer, law enforcement personnel, and others through a physical datalink to the computer.  She also contends that the information could be transmitted through the car's BlueLink system, though according to Hyundai deGrasse's car is not equipped with BlueLink (deGrasse does not appear to contend otherwise).  She contends that because Hyundai—or its affiliates, such as Hyundai dealerships— has access to the contact information of individuals via automobile dealerships where the cars are purchased or serviced, it can trace back a vehicle's FAWS data to a specific driver.  *Id.* ¶ 26.

DeGrasse contends that at the time she purchased the car, the salesperson did not mention that it had a camera.  When she later learned about the camera, she returned to the dealership and asked the salesperson why he had not disclosed this information.  The salesperson replied that he was unaware that the car included a camera.

DeGrasse has sued Hyundai under the Illinois Biometric Information Privacy Act (BIPA).   The pertinent portion of the BIPA states that:

> (b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:
>
>> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized

representative.

740 Ill. Comp. Stat. 14/15(b).

### Discussion

DeGrasse's amended complaint asserts a single claim against Hyundai:  she alleges that the company violated the BIPA because it collected biometric identifiers from deGrasse and other class members without obtaining their informed written consent.  DeGrasse seeks statutory damages for Hyundai's willful and/or reckless violation of the BIPA, or in the alternative, for its negligent violation of the BIPA.  *See* 740 Ill. Comp. Stat. 14/20(1), (2).

Hyundai has moved to dismiss on three grounds.  First, it argues that deGrasse has inadequately alleged that it "captured, collected, or otherwise obtained" her biometric data, as required to assert a claim under the BIPA.  Second, Hyundai argues that deGrasse has not alleged that FAWS collects any information that amounts to a "biometric identifier" or "biometric information" under the BIPA.  Third, it argues that deGrasse cannot maintain a claim for enhanced statutory damages under the BIPA because she has not shown that Hyundai acted with the requisite intent.

To survive a motion to dismiss for failure to state a claim, "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Id.*

Section 15(b) of the BIPA applies to private entities that "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's

4

biometric identifier or biometric information."  740 Ill. Comp. Stat. 14/15(b).  Hyundai

argues that deGrasse has not plausibly alleged that it actually collects, captures, or

obtains FAWS data from customers' vehicles.

According to DeGrasse, the FAWS system captures and digitizes the geometry

of a driver's face and eyes.  Am. Compl. ¶ 14.  She contends that the system compares

the driver's data and is able to identify when the driver is veering off the road, displaying

a warning in response.  As indicated earlier, deGrasse alleges that the information

collected by the FAWS system can be retrieved by Hyundai dealers and law

enforcement personnel vis-à-vis a physical datalink or the car's BlueLink system.  *Id*. ¶¶

23-24.  She also points to Hyundai's privacy policy, which states that it collects the

following information:

> [D]river, behavior and usage data, such as: • Vehicle Technologies and Services:
> as further set forth in the Vehicle Technologies and Services Privacy Notice, we
> collect and derive personal information through our Vehicle Technologies and
> Services, including information about you and your vehicle, as well as other
> users of your vehicle and the Services, such as vehicle usage and performance
> data, driving data, geolocation data, settings and presets, and features and
> services accessed and used (including third party provided), and other
> information related to your use of our Vehicle Technologies and Services.

*Id.*, App'x C.  DeGrasse also suggests that because Hyundai has in the past disclosed

personal consumer data to third-party insurance companies, it is likely doing the same

with FAWS data.  *Id*., App'x D.

These allegations do not give rise to a plausible contention that Hyundai actually

"collects," "captures," or "otherwise obtains" biometric identifier or biometric information

from the FAWS system.  The cited privacy policy says nothing about data collected from

the FAWS functionality.[1]  And the fact that Hyundai has disclosed other user data in the past does not, either by itself or with the other allegations, plausibly indicate that it is doing this with FAWS data.  Indeed, the complaint, even read liberally, does not plausibly allege that Hyundai has ever actually obtained the information that deGrasse contends amounts to biometric identifiers or information.  And it is relatively obvious that an entity cannot disseminate something it has not even obtained.

As used in section 15(b), "'[c]ollect' means 'to receive, gather, or exact from a number of persons or other sources,' whereas 'capture' means 'to take, seize, or catch.'" *G.T. v. Samsung Elecs. Am. Inc.*, 742 F. Supp. 3d 788, 797 (N.D. Ill. 2024) (citing *Cothron v. White Castle System, Inc.*, 2023 IL128004, ¶ 23, 216 N.E.3d 918, 924).  And "otherwise obtain" likewise refers to procuring data.  *See id.*  "Collectively, all these verbs 'mean to gain control' of Biometrics."  *Id.* at 798 (quoting *Cothron*, 2023 IL 128004, ¶ 16, 216 N.E.3d at 923.  The Court also notes that although other sections in the BIPA use the term "possess[ ]," section 15(b) does not include that term.  *See Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 683 (N.D. Ill. 2023).  Other judges in this district have read this difference in terminology to indicate that section 15(b) requires more than just possessing information.  *Id.* (collecting cases) (explaining that the legislature intends distinct results when a statute uses certain words in one section but different words in another section).  Indeed, some courts have read an "active step" requirement into section 15(b), finding that all the verbs used in the statute share the idea that an entity must "undertake some effort to collect or obtain biometric identifiers

---

[1] The Court notes that Hyundai alleges that a Hyundai owner manual delineating FAWS functionality states that "[t]he In-cabin camera does not transmit recorded videos outside of the vehicle or store the video."  Def.'s Ex. 1.

or information." *Jones*, 649 F. Supp. 3d at 683; *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 966 (N.D. Ill. 2020).

The Court need not decide the exact contours of what level of effort is needed to satisfy section 15(b)'s requirement that the defendant collected, captured, or obtained biometric identifiers or information, because deGrasse does not even allege that Hyundai has *access* to FAWS data, let alone that it has undertaken any effort to collect, capture, or obtain it. *See G.T.*, 742 F. Supp. 3d at 798 ("Plaintiffs do not allege Samsung receives the Data the App accumulates, or that Samsung even has access to it.").

DeGrasse herself seems to recognize this point; her amended complaint does not allege (plausibly or otherwise) that Hyundai accesses, or has ever accessed, FAWS data. Rather, the gist of her claim is that the information is out there, in her vehicle, and that Hyundai—perhaps via a car dealer performing service—could access it if it chose to do so. Specifically, deGrasse alleges that "[i]nformation from the onboard computer *can be retrieved* by a Hyundai dealer, other repair personnel, and on information and belief, law enforcement personnel, by physical datalink to the computer," Am. Compl. ¶ 23 (emphasis added). To be sure, deGrasse also alleges that "[n]o disclosures were provided to Plaintiff or other purchasers and lessees of Hyundai vehicles about what was done with biometric information collected by FAWS or how or where it was stored or how long it would be retained." *Id.* ¶ 28. But a user's lack of information about what happened to the information collected by the FAWS system in her vehicle does not come anywhere close to a plausible claim that Hyundai ran afoul of section 15(b).

The cases Hyundai has cited persuasively support this conclusion. For example,

in *Bhavilai v. Microsoft Corp.*, 716 F. Supp. 3d 640 (N.D. Ill. 2024), the court concluded that Microsoft did not collect data, within the meaning of section 15(b), by designing, licensing, and updating a facial scan feature on users' devices. *Id.* at 641. The court concluded that "selling or licensing a tool that can be used to collect a facial scan is not the same as actually doing the collecting. This argument conflates two different activities—providing the tool versus using the tool." *Id.* Similarly, in *Barnett v. Apple Inc.*, 2022 IL App (1st) 220187, 225 N.E.3d 602 (2022), the court concluded that the fact that information captured from an iPhone was stored on a user's device distinguished the plaintiff's case from other scenarios where courts had found section 15(b) applied to an entity's data collection. *Id.* ¶ 53, 225 N.E.3d at 611. DeGrasse's allegation that Hyundai has control over the existence of FAWS functionality, leaving users without the ability to install or uninstall it, does not amount to an allegation that Hyundai collects or obtains the data FAWS generates.

In cases in which courts have found a plaintiff adequately alleged a section 15(b) violation, such as *Heard v. Becton, Dickinson & Co.*, 524 F. Supp. 3d 831, 841 (N.D. Ill. 2021), they have noted that the biometric data (in *Heard*, fingerprint scans) was stored not only on the user's device, but also on the defendant's servers. This indicated that the defendant "play[ed] an active role in collecting or otherwise obtaining users' biometric information from the Pyxis devices." *Id.* at 841. DeGrasse's complaint lacks any similar allegations.

Because deGrasse has failed to allege, let alone plausibly allege, that Hyundai collected, captured, or otherwise obtained users' data, she has not stated a viable claim under section 15(b). For this reason, the Court need not address Hyundai's contention

that the information FAWS allegedly collects does not amount to a "biometric identifier" or its contention that deGrasse has not adequately alleged a claim for enhanced statutory damages.

### Conclusion

The Court grants Hyundai's motion to dismiss [dkt. no. 22] for the reasons stated above.  Unless deGrasse files, by May 29, 2025, a motion for leave to amend that includes a proposed second amended complaint including at least one viable claim over which the Court has jurisdiction, the Court will enter judgment against her.  The telephonic status hearing set for June 16, 2025 is vacated and advanced to June 5, 2025 at 8:55 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

Date:  May 15, 2025

MATTHEW F. KENNELLY
United States District Judge

9